**Joseph R. GONZALEZ, Plaintiff–Appellant,**

v.

**Frank NACARATO, Gerald A. Wells, Frank R. Headley, Defendants–Appellees.**

No. 05–2210–pr.

United States Court of Appeals, Second Circuit.

Jan. 23, 2008.

Joseph R. Gonzalez, pro se, Fishkill Correctional Facility, Beacon, NY, for Appellant.

Oren L. Zeve, Assistant Solicitor General (Andrew M. Cuomo, Attorney General, Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Of Counsel), Attorney General's Office for New York State, New York, NY, for Appellees.

PRESENT: AMALYA L. KEARSE, PIERRE N. LEVAL, JOSÉ A. CABRANES, Circuit Judges.

**SUMMARY ORDER**

Plaintiff-appellant Joseph R. Gonzalez ("plaintiff" or "Gonzalez") brought an action pursuant to 42 U.S.C. § 1983 against defendants-appellees Father Frank A. Nacarato, the chaplain at Arthur Kill Correctional Facility ("AKCF"), Gerald A. Wells, the deputy superintendent of security at AKCF, and Frank R. Headley, the superintendent at AKCF (collectively, "State defendants"). Plaintiff alleged that State defendants violated his civil rights under the First and Fourth Amendments to the United States Constitution by preventing him from having contact with officials who attended a religious ceremony at AKCF on September 28, 1998, and later retaliated against him by transferring him to another correctional facility. Defendants moved

for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).

In her comprehensive and considered report and recommendation, Magistrate Judge Bloom determined that there was no triable issue of fact, that all state defendants acted reasonably, and that even if plaintiff had succeeded in establishing a violation of his constitutional rights, defendants would be entitled to summary judgment under the doctrine of qualified immunity because they acted in the performance of their discretionary functions. [A–27] Judge Gershon adopted the Magistrate Judge's report and recommendation and entered summary judgment for State defendants.

We review *de novo* a district court's orders granting summary judgment and focus on whether the District Court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). Upon a review of the record and the relevant law, we detect no error in the District Court's order of March 24, 2005. We have considered all of petitioner's claims on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.